IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-481-D

| | | |
|---|---|---|
| RANDY LYNN JOHNSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| WILLIAM BERTRAND, | ) ) ) | |
| Defendant. | ) | |

On March 12, 2010, William Bertrand ("Bertrand" or "defendant") filed a motion to dismiss this action for lack of subject-matter jurisdiction [D.E. 11]. Defendant notes that Randy Lynn Johnson ("Johnson" or "plaintiff") seeks to recover damages under North Carolina law for alleged personal injuries that plaintiff sustained on October 31, 2006, while working at defendant's home. See Compl. ¶ IV.

Initially, the court must determine whether it has subject-matter jurisdiction. See, e.g., Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94 (1998). Here, plaintiff and defendant are citizens of North Carolina [D.E. 9]. See Compl. ¶ III, A–B. Accordingly, diversity jurisdiction does not exist under 28 U.S.C. § 1332(a)(1). See, e.g., Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Moreover, federal-question jurisdiction does not exist under 28 U.S.C. § 1331. Thus, defendant's motion to dismiss for lack of subject-matter jurisdiction [D.E. 11] is GRANTED. Furthermore, plaintiff's motion for the appointment of counsel [D.E. 15] is DENIED as moot.

SO ORDERED. This 15 day of July 2010.

JAMES C. DEVER III
United States District Judge